I .McMANUS, Judge.
This case involves an automobile accident occurring at an intersection where a stop sign was down. Steven W. Pierce claims that the City of Kenner is responsible for this stop sign being down. The trial court entered a judgment in favor of the City of Kenner, finding that the City of Kenner did not have actual or constructive notice of the downed stop sign prior to the accident nor did it have a reasonable opportunity to remedy the defect. For the reasons that follow, we agree with the trial court and affirm its judgment.
STATEMENT OF THE CASE
Appellant, Steven W. Pierce filed a Petition for Damages against Thomas and Yvonne Faucett, the driver and owner respectively, of the vehicle that struck him. Also named as Defendant was Allstate Insurance Company, insurer of Mr. and Mrs. Faucett. The Defendants then filed a third party demand against the City of Kenner. Mr. Pierce eventually settled his claim against the Faucetts and Allstate, and they were dismissed from the lawsuit leaving the City of Kenner as the only remaining Defendant. A bench trial was held on February 4, 2000. On June 13, 2000, the trial court entered a judgment in favor of the City of Kenner. From this judgment, Mr. Pierce has filed this appeal.
FACTS
This case involves an accident that occurred on the afternoon of November 21, 1997, at the intersection of Florida and 27th Street in Kenner, Louisiana. | ¡¿Florida Street runs north and south, while 27th Street runs east and west. Steven Pierce was traveling in a westerly direction on 27th Street and Thomas Fau-cett was traveling in a northerly direction on Florida Street. Florida Street has stop signs on the northwest and southeast corners of the intersection. The stop sign on the southeast corner of the intersection was lying on the ground at the time Mr. Faucett proceeded through the intersection and struck Mr. Pierce’s automobile.
This same stop sign had been downed three times in the three months prior to the accident. Each time the City of Ken-ner became aware of this, they promptly reinstalled or repaired the sign with either a temporary or permanent replacement sign.[1] There was no evidence presented explaining why the stop sign was down.
*157 At trial, the only two witnesses that testified were Mr. Pierce and Kenny Melvin, the Superintendent of Public Works for the City of Kenner. Mr. Pierce testified that he was traveling west on 27th Street. Vehicles traveling on 27th Street at this intersection have the right of way. Mr. Pierce stated that the vehicle driven by Mr. Faucett was speeding when it struck him. Mr. Pierce also testified that he was able to see the stop sign on the northwest corner of Florida Street, controlling southbound Florida Street traffic. He did not see or did not notice the downed stop sign on the southeast corner of Florida Street.
Mr. Melvin testified that according to the City’s records, a City employee reported that the stop sign in question was down on September 16, 1997. A permanent sign was installed the next day. On November 13, 1997, a policeman reported the same sign down. Again, a permanent sign was installed the next day. In both of the above cases, immediately after the stop sign was reported down, the City installed a temporary sign until the permanent one was installed the next day.
laOn November 17, 1997, just four days before the accident in this litigation, a citizen reported the stop sign down again. That same day, the Traffic Department of the City of Kenner installed a temporary sign. The next day, they erected a permanent stop sign. Mr. Melvin testified that all of these procedures were performed in conformity with the City of Kenner’s sign replacement policy.
Mr. Melvin went on to explain that the City of Kenner inspects each street every week. Two crews are used to inspect the entire City which is divided geographically into two sections. Each crew is responsible for inspecting every street once a week within its geographic area.
The trial court ruled in favor of the City of Kenner finding that the City of Kenner did not have actual or constructive notice of the downed stop sign prior to the accident. The court added that Mr. Pierce did not prove that it was more likely than not that the sign had been down for such a length of time that Kenner should have been aware with due diligence.
ASSIGNMENTS OF ERROR
In his first assignment of error, the Appellant argues that the trial court erred in finding that he did not meet his burden of proving actual or constructive notice. As his second assignment of error, the Appellant argues that the trial court erred in finding that he did not meet his burden of proving negligence in the construction and installation of the sign.
Cases involving missing or downed stop signs are analyzed under two theories of liability in Louisiana: negligence, based on La. Civ.Code art. 2315, and strict liability, based on La. Civ.Code art. 2317.[2]

Louisiana Civil Code Article 2317

RLSA-R.S. 9:2800 provides that in claims against a public entity based upon strict liability imposed under La. Civ.Code art. 2317, no person shall have a cause of action against the public entity for dam *158 ages caused by a condition under its control absent a showing of actual or constructive notice of the particular condition and a reasonable opportunity to remedy the defective condition. Therefore, the plaintiff must establish that the thing which caused the damage was in the custody of the defendant, that it was defective, and that the defendant had actual or constructive notice of the defect and failed to take corrective measures within a reasonable time. Lee v. State, Through Department of Transportation and Development, 97-0350 (La.10/21/97), 701 So.2d 676; Bessard v. State, Department of Transportation and Development, 94-0589 (La.11/30/94), 645 So.2d 1134.
The City of Kenner is a public entity within the meaning of the statute. LSA-R.S. 9:2800(E). The City of Kenner does not dispute that the stop sign was “within its care and custody.” As to the issue of actual notice, we find that the City of Kenner did not have actual notice of the downed stop sign before the accident in question. The record reveals that the stop sign was repaired three days before the accident. The next notice the City of Ken-ner received that the stop sign was down came at the same time they were informed that an accident occurred. Therefore, the question presented on this appeal becomes whether the City of Kenner had constructive notice of a defective condition in the stop sign prior to the accident.
LSA-R.S. 9:2800(C) defines constructive notice as the existence of facts which infer actual knowledge. Appellant points out that the City of Kenner was aware that the stop sign at this intersection had been downed three times in the three months before this accident. Appellant argues that the sign was repeatedly down because of either improper installation or improper placement.
In Boudoin v. City of Kenner, 556 So.2d 123 (La.App. 5 Cir.1990), a stop sign was down for two days before an accident. The sign in that case was back up on the 15day after the accident. This Court affirmed the trial court and held that the plaintiff did not meet his burden of proving that the sign had been down for such a length of time and in such circumstances that the City should have been aware of the problem through due diligence.
In the present case, the testimony at trial established that the sign was repaired and replaced just two days before the accident It is not known when or how the sign was downed in those two days. Based on the law set forth above, we find that this short period of time does not constitute constructive notice of the downed stop sign. We see no manifest error in the trial court’s finding that the City of Kenner did not have actual or constructive notice of the downed sign pri- or to the accident.

Louisiana Civil Code Article 2815

The Appellant also argues that the City of Kenner was negligent under La. Civ. Code art. 2315, because of the placement and installation of the sign. According to the Appellant, the City of Kenner was negligent because the stop sign was either improperly erected and fell down, or it was improperly located and knocked down. Either way, the repeated instances of this sign being down should have made the City of Kenner aware that the stop sign’s location was not feasible.
La. Civ.Code art. 2315 provides that every act which “causes damage to another obliges him by whose fault it happened to repair it.”
In Boudoin v. City of Kenner, cited supra, this Court stated:
*159 Under the negligence theory of art. 2315, the plaintiff bears the burden of showing, inter alia, that the public entity had knowledge of the problem, and failed to correct it within a reasonable time. This knowledge may be actual, i.e. where the entity has been informed of or has discovered the defect, or constructive, i.e. where the defect has existed over a period of time and under such circumstances that in the exercise of due diligence the public body would have had notice of it. [Internal citations omitted].
Appellant attempts to distinguish Bou-doin from this case. Appellant asserts that the negligence in Boudoin was failing to replace the sign once down; whereas, here the negligence is in putting the sign in the same spot after it was downed three [fitimes. Although we find some merit to the Appellant’s argument that the location of this sign may have been negligent, we note that the Appellant has presented very little evidence in support of this contention. There is no evidence that the location of this sign did not conform to established parameters, nor was there evidence presented concerning an alternate location. The record does not disclose any guidelines that were not followed by the City of Kenner or procedures that were lacking. After each incident that the sign was down in the past, the City of Kenner immediately responded with a temporary, then a permanent replacement sign.
The burden of proof is on the plaintiff in a negligence action. In this case, the Appellant has not met that burden by merely stating that the location must have been negligence since the sign was repeatedly knocked down prior to the accident. Again, we see no manifest error in the trial court’s decision that the City of Kenner was not negligent in the location or installation of the sign.
CONCLUSION
Under both theories of liability, we hold that the Appellant has not met his burden of proving that the City of Kenner was aware, either actually or constructively, of the stop sign being down on the day of the accident. The decision of the trial court in favor of the City of Kenner is hereby affirmed.
AFFIRMED.

. A temporary sign consists of a pole with a sign on it, affixed to á tire filled with cement. There are several methods of installing a permanent stop sign: thermoplastic application, bolting the sign to the ground, staking, and jackhammer staking. This particular sign was thermoplastically installed. By this method, a pad is affixed to the concrete by an adhesive that is bonded to the surface of the *157 concrete with heat. The sign pole is attached to a plate which is bolted to the surface pad.

. Prior to 1985, these two theories could be distinguished because under strict liability, a plaintiff did not have to prove that the custodian of the thing knew or should have known of the risk involved. Now, pursuant to LSA-R.S. 9:2800, which became effective on July 12, 1985, in order to prevail under a strict liability theory the plaintiff must prove actual or constructive notice of the defective condition. See, Boudoin v. City of Kenner, 556 So.2d 123 (La.App. 5 Cir.1990).