DENNIS R. BAGNERIS, SR, Judge.
hThe plaintiffs, Mr, and Mrs. Randall G. White, appeal the dismissal of their claims on summary judgment. For the following reasons, we affirm the trial court’s grant of summary judgment in favor of the defendant, the State of Louisiana through Department of Transportation and Development (“DOTD”).
FACTS AND PROCEDURAL HISTORY
On December 29, 2011, Mr. White sustained injuries when he was involved in a forty-one car accident oh Interstate 10 (“I-10”) West near the Michaud Boulevard exit in New Orleans, Louisiana. The accident occurred at approximately 3:50 a.m. and Mr.. White was identified-as vehicle number .twenty-five on the .traffic crash report. According to the petition, the acci *262 dent was caused by dense fog on the inter-, state that combined with smoke from a marsh fire that had been burning since August 2011, on nearby land owned by Little Pine Limited Partnership. On December 19, 2012, plaintiffs filed suit against DOTD, the City of New Orleans, and Little Pine Limited Partnership.
On December 4, 2014, DOTD filed a motion for summary judgment, pointing out that plaintiffs could not establish negligence or causation on the part of the DOTD and thus, no genuine issues of material fact remain as to DOTD’s pliability for the accident. Specifically, DOTD argued that it was ■ not liable to plaintiffs because: (1) it had no notice , of the presence of fog and smoke in the area of the accident; (2),it had no responsibility for lighting in the area of the accident; (3) there were no road defects, (4) it did not breach any duty to protect Mr. White from hazardous roadway conditions (fog and smoke) that was obvious and apparent to Mr. White; and (5) its actions-were discretionary governmental functions for which it is immune from liability.
In its motion for summary judgment, the DOTD relied on deposition testimony of the City of New Orleans Public Works Director, Mark Jernigan, as well as the affidavits of two DOTD Engineers, Christopher Morvant and Frederick L. Wetek-amm, III, to show that DOTD had no responsibility for the lighting at the location of the accident. DOTD also relied on the agreement between the City of New Orleans and DOTD, as well as the resolution of the New Orleans City Council, stating that the City of New Orleans is responsible for all lighting in the area of I-10 and Michoud Boulevard. Thus, DOTD argues that it had -no duty to plaintiffs to inspect or maintain street lights at the Michoud exit on I — 10.
DOTD further argued in its motion for summary judgment that the evidence clearly supports that there was no design defect, no road defect, and no unreasonably hazardous risk associated with the stretch of I — 10 at the time and place of the accident. In support of this argument, DOTD attached: (1) the deposition of New Orleans Fatality Detective Edgar Edwards; (2) the New Orleans Police Accident Report; (3) the Louisiana State Police Accident Reconstruction Report; (4) the affidavit of Louisiana State Trooper Tilden Elliott, III; (5) affidavits of DOTD Engineers, Christopher Morvant and Frederick Wetekamm; and (6) various New Orleans Fire Department (“NOFD”) documents indicating that NOFD |sdid not find that smoke from the marsh fire contributed to the accident and that DOTD had no involvement with the NOFD in the investigation and management of the marsh fire in December 2011 or any time prior to the accident. DOTD also submitted a certified copy of the National Weather Service report for the New Orleans area on December 28 and 29, 2011, showing no prediction of fog in the area of the accident. Thus, DOTD argues that plaintiffs’ allegations that it failed to properly maintain and repair the roadway, or warn of hazardous conditions, are without merit.
In opposition to DOTD’s motion for summary judgment, the plaintiffs submitted: (1) voluntary statements from drivers involved in the accident at issue indicating that visibility was greatly diminished by fog and/or smoke; (2) the depositions of Mr. White and Edgar Edwards, the New Orleans Fatality Detective, who testified that the street lights were not working in the area, of the accident and that smoke and fog were the causative factors in the forty-one car collision; (3) the affidavit of DOTD engineer, Frederick Wetekamm, attesting to the fact that DOTD knew that fog was a common occurrence in the area *263 between 1-10 and its intersection with I-510; (4) the deposition of Mark' Jernigan, the Director of Public Works for the City of New Orleans, ■ who testified that the inspection of lights was suspended from October, 2011 through January, 2012 because there was no funding to pay the contractor; and (5) various NOFD documents regarding the inaccessible marsh fire that started in August of 2011 in Eastern New Orleans.
The trial court granted DOTD’s motion for summary judgment, and by judgment rendered on April 15, .2015, dismissed the plaintiffs’ claims against the DOTD with prejudice. In her reasons for judgment, the trial judge stated that DOTD was not liable to the plaintiffs because: (1) DOTD was not responsible for |4the lighting in the accident area; (2) there were no road defects; and (3) there was no notice to DOTD of fog and/or smoke in the area. The plaintiffs now appeal arguing that there are genuine issues of fact that preclude summary judgment.
DISCUSSION
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342, 345 (La.1991). We must determine whether the evidence admitted for purposes of the motion for summary judgment demonstrates that there are no disputed issues of material fact and that the defendants are entitled to summary judgment as a matter of law. La. C.C.P. art. 966. The burden of proof to show that no material factual issue exists is on the mover. However, if the party moving for summary judgment will not bear the burden of proof at trial, the mover is not required to negate all essential elements of the adverse party’s claim. Rather, the mover must point out to the trial court that there is an absence of factual support for one or more ele-meiits 'essential to the adverse party’s claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact and the mover is entitled to judgment ás a matter of law. La. C.C.P. art. 966(C)(2)!
La.Rev.Stat. 48:35(E)(l)(a) provides in pertinent part that.the DOTD has “a duty to maintain, repair, construct, or reconstruct any public road, highway, bridge, or street, or any portion thereof, in a manner that is not unreasonably dangerous for a reasonably prudent driver.” The function of the DOTD is “to study, , administer, construct, improve, maintain, repair, and regulate the use of public transportation | ¿systems and to perform such other functions with regard to public highways, roads, and other transportation related facilities as may be conferred on the department by applicable law.” See La.Rev.Stat. 48:21(A). Further, La.Rev.Stat. 9:2798.1 provides that “[ljiability shall not be imposed on public entities [DOTD] or their officers based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such' acts are within the course and scope of their lawful powers and duties.” To proceed against the DOTD under a theory of negligence, the plaintiffs must show that (1) the roadway was in the custody of DOTD; (2) the roadway was defective because it had a condition that created an unreasonable risk of harm; (3) DOTD had actual or constructive knowledge of the risk;. and (4) the defect in the roadway was a cause in fact of plaintiffs injuries. Netecke v. State ex rel. DOTD, 98-1182, 98-1197, p. 7 (La.10/19/99), 747 So.2d 489, 494.
*264 In order to defeat.the motion for summary judgment, the plaintiffs’ burden was simply to produce evidence sufficient to create a material issue of fact with respect to a defective condition and causation. The documents produced in discovery demonstrate that the City of New Orleans was responsible for the lighting, in the area of the accident pursuant to an agreement between the City of New Orleans and DOTD as well as by La. R.S. 48:193(A), which provides that the state “shall not be responsible for the maintenance of ... street lighting.” Specifically, New Orleans and DOTD signed an agreement on April 25, 1996[1] stating ‘that the “City will assume the responsibility for energizing and maintaining the [lighting] system including the repairs and/or replacement of all elements of the | ^system which may malfunction or become damaged” on Route 1-10 between Paris Road and Michoud Boulevard.' At that time, New Orleans agreed to maintain and operate the lighting system at issue.
To the extent that plaintiffs’ claim that the presence of fog and/or smoke at the scene of the accident is a “defect,” the plaintiffs fail to submit evidence that the DOTD had actual or constructive knowledge of the fog and/or smoke at the time of the accident. As the Louisiana Supreme Court stated in Lee v. State Through Dep’t of Trans. & Dev., 97-0350, p. . 6 (La.10/21/97), 701 So.2d 676, 679, “[s]urely, DOTD cannot be held responsible for all injuries on the state’s highways that result from careless driving in the face of adverse weather conditions. Temporary sun blindness, like visual impairment caused by fog or heavy rain, is a physical condition with which drivers must learn to contend in a safe and responsible manner.” The evidence in the record reflects that DOTD had no actual knowledge of, fog in the subject area, especially when the New Orleans weather reports on December 28 and 29, 2011, did not predict ,fog. Further, Chief Timothy McConnell of the NOFD testified that DOTD had no dealings with the marsh fire in New. Orleans East and that he did not find that smoke from the marsh fire contributed to the subject accident. Chief McConnell further testified that he was unaware of any instances where there was a combination of smoke from the marsh fire and fog on the interstate between the twin spans and 1-510 during August-December 29, 2011, and that prior to this accident, no one reported any smoke along the roadways. After reviewing the pleadings, exhibits, business records and affidavits, we find no evidence that DOTD failed in its duty to maintain I~ 10 or that Mr. White’s accident occurred because the DOTD failed in any of its statutory duties.. Because we find that the plaintiffs failed to produce any competent ^evidence that there was in fact a defect in the roadway and that DOTD was aware of the defect, we hereby affirm the trial court’s grant of summary judgment in favor of DOTD, and the dismissal of the plaintiffs’ claims.
AFFIRMED

. The agreement is binding on the parties for 25 years.