Judgment rendered April 19, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,011-CA
No. 55,012-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

No. 55,011-CA

FAITH IN FARMING
COMPANY, L.L.C.
    Plaintiff-Appellant

Versus

STATE OF LOUISIANA,
through THE DEPARTMENT
OF TRANSPORTATION &
DEVELOPMENT
    Defendant-Appellee

No. 55,012-CA

WILLIAMS & WILLIAMS
FARMS, L.L.C.
    Plaintiff-Appellant

Versus

STATE OF LOUISIANA,
through THE DEPARTMENT
OF TRANSPORTATION &
DEVELOPMENT
    Defendant-Appellee

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Morehouse, Louisiana
Trial Court Nos. 2013-052 and 2013-053

Honorable Robert C. Johnson, Judge

* * * * *

JAMES WILLIS BERRY                          Counsel for Appellants

OFFICES OF DAMON D. KERVIN
By: Damon D. Kervin

JEFFREY M. LANDRY                           Counsel for Appellee
Attorney General

JEANNIE C. PRUDHOMME
C. BRYAN RACER
Assistant Attorneys General

\* \* \* \* \*

Before PITMAN, STEPHENS, and HUNTER, JJ.

HUNTER, J., concurs with written reasons.

**STEPHENS, J.**

This appeal is from a judgment granting a motion for summary judgment filed by defendant, the State of Louisiana, through the Department of Transportation and Development ("DOTD"), dismissing the claims filed by plaintiffs, Faith in Farming Company, L.L.C., and Williams & Williams Farms, L.L.C., for fields that flooded, causing a total loss of plaintiffs' crops, allegedly due to the DOTD's failure to timely respond to complaints of silt and debris accumulated under a bridged it maintained. For the reasons set forth below, we affirm.

**FACTS/PROCEDURAL BACKGROUND**

Plaintiffs, Faith in Farming Company, LLC, and Williams & Williams Farms, LLC, are independent farming concerns which own contiguous agricultural acreage near La. Hwy. 835 in Morehouse Parish, Louisiana. On February 5, 2013, plaintiffs filed separate suits against the DOTD,[1] alleging that they were damaged when, in February 2012, the department was negligent in failing to respond in a timely matter to clear a blockage under a bridge maintained by the DOTD. According to plaintiffs, the silt and debris that accumulated under the bridge caused rainwater to collect, which caused their adjacent fields to flood.

On February 1, 2012, Larry Dean Williams, Sr. ("Williams"), on behalf of plaintiffs, went to the local DOTD office to report that the bridge near their farmlands was congested with silt and debris, and that because of several days of rain, the blockage was threatening to flood their property. Williams expected the DOTD to send equipment to clear the blockage that

---

[1] The suits were consolidated in the trial court and have been consolidated on appeal.

afternoon or the next day, but no one at the DOTD made such a representation to Williams.

Williams contacted the DOTD again on February 3, 2012. At that time, DOTD personnel informed him that a crew was using the necessary equipment on another job, and when that work was completed, the equipment would be relocated to clear the accumulated matter from under the bridge near his property. In a deposition, Williams stated that he assumed the equipment would be sent to the bridge the next day or within a day or two of his complaint, though no one at the DOTD told him that would occur. Williams stated that the crops were a total loss within five to six days of his initial complaint on February 1, 2012.

After conducting discovery, the DOTD filed a motion for summary judgment on March 22, 2021, in which it argued that plaintiffs could not meet their burden of proving that the DOTD failed to take corrective measures within a reasonable time to clear the blockage. Alternatively, the DOTD urged the defense of discretionary immunity under La. R.S. 9:2798.1 regarding its allocation of personnel and resources.

Plaintiffs opposed the motion for summary judgment and, in support, attached several exhibits, one of which was an affidavit executed by Williams. The DOTD objected, claiming that this affidavit was inconsistent with Williams' deposition testimony. The DOTD also objected on the basis that Williams was not qualified as an expert to testify as to whether the flooding created a safety hazard. The DOTD additionally objected to several other exhibits attached to plaintiffs' opposition memo, which it claimed were not on the list of documents allowed to be used to oppose a motion for summary judgment pursuant to La. C.C.P. art. 966(D)(2).

2

The hearing on the motion for summary judgment was held on December 6, 2021. The trial court denied the motion as to the issue of the DOTD's defense of discretionary immunity, but took under advisement the issue of whether the DOTD acted reasonably in clearing the blockage. On February 17, 2022, the trial court rendered its ruling on the DOTD's motion for summary judgment, sustaining all of the department's objections to plaintiffs' exhibits, granting summary judgment in favor of the DOTD, and dismissing with prejudice plaintiffs' claims.

Specifically, the trial court found that there was no genuine issue of material fact as to the DOTD's liability, the plaintiffs having "failed to produce any competent or admissible evidence to prove that DOTD acted unreasonably and untimely in responding to the flood scene to remove the blockage under the bridge[.]" Judgment reflecting its findings was signed by the trial court on March 21, 2022. Plaintiffs have appealed this adverse judgment.

## DISCUSSION

Plaintiffs argue that the trial court erred in disregarding the affidavit of their representative, Larry Dean Williams, Sr., a decision based upon alleged discrepancies between his affidavit and deposition testimony. According to plaintiffs, a comparison of the two shows that these alleged discrepancies were minor, as they had to do with the person to whom Williams spoke at DOTD and what his understanding was at that time regarding the time and manner of an expected response on the part of DOTD. These issues, urge plaintiffs, have to do with Williams' memory, not materiality.

3

What is undisputed, and established by both Williams' affidavit and deposition testimony, is that:

- Plaintiffs had planted and raised to harvest wheat crops next to La. Hwy. 835 in 2011 and 2012;

- Plaintiffs' crops were drained by a watershed which drained through and under the bridge on La. Hwy. 835;

- Rainfall created rising waters which could not be drained due to blockage under the bridge maintained by the DOTD;

- Williams called or visited the local DOTD office on at least three occasions seeking relief from the rising water, putting the DOTD on notice of the potential problems;

- Despite Williams' repeated pleas to the DOTD, the department did not remove the blockage until 14 days after the problem was originally reported; and

- In that 14-day interval, the water continued to rise, inundating plaintiffs' crops and causing them substantial damage.

In their second assignment of error, plaintiffs assert that the trial court erred in finding that they failed to produce any competent or admissible evidence to prove that the DOTD acted unreasonably and untimely in responding to the flood scene to remove the blockage.

The DOTD points out that, under La. R.S. 9:2800, plaintiffs have the burden of proving, *inter alia*, that the DOTD failed to respond to their complaint within a reasonable time. In support of its motion for summary judgment, the DOTD asserted that plaintiffs lacked any evidence to do so, since they had no expert testimony or any other competent evidence to show that the DOTD acted unreasonably in clearing the blockage within 14 days of plaintiffs' complaint. Plaintiffs failed to establish a genuine issue of material fact for trial, and the trial court correctly granted summary judgment in favor of the DOTD.

4

The DOTD urges that the trial court did not err in exercising its vast discretion to disregard Williams' inconsistent, self-serving affidavit in favor of his sworn deposition testimony. However, even if the trial court had admitted and considered Williams' affidavit, the DOTD asserts that the document was insufficient to create a genuine issue of material fact, since plaintiffs failed to provide an explanation for the inconsistencies.

The DOTD submits that the trial court correctly found that plaintiffs failed to submit any evidence to show that it acted unreasonably and untimely in responding to the flood scene to remove the blockage under the bridge. Thus, the trial court did not err in finding no genuine issue of material fact for trial, and that DOTD was entitled to summary judgment as a matter of law.

The DOTD asserts that the flooding of agricultural land can occur even in the absence of negligence. The uncontested evidence shows that several days of rainfall caused the flooding. It also shows that the DOTD's necessary equipment and personnel were assigned to another project, and these circumstances do not warrant an inference of negligence. Plaintiffs have offered no evidence or legal argument to establish that the DOTD owed them a duty encompassing a requirement that the DOTD clear a blockage that was not affecting public transportation within five to six days instead of within 14 days.

In order to determine whether liability exists under the facts of a particular case, Louisiana has adopted a duty-risk analysis. *Berry v. State Through Dept. of Health and Human Resources*, 93-2748 (La. 5/23/94), 637 So. 2d 412, 414. Under this analysis, a plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a

duty of care to plaintiff, the requisite duty was breached by the defendant and the risk of harm was within the scope of protection afforded by the duty breached. *Berry*, *supra*; *Mundy v. Dept. of Health and Human Resources*, 620 So. 2d 811, 813 (La. 1993). Under the duty-risk analysis, all four inquiries must be affirmatively answered for plaintiff to recover. *Mathieu v. Imperial Toy Corp.*, 94-0952, p. 4 (La. 11/30/94), 646 So. 2d 318; *Berry*, *supra*.

A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. *Meany v. Meany*, 94-0251, p. 6 (La. 7/5/94), 639 So. 2d 229, 233. In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. *See*, *Socorro v. City of New Orleans*, 579 So. 2d 931, 938 (La. 1991). The court may consider various moral, social, and economic factors, including the fairness of imposing liability; the economic impact on the defendant and on similarly situated parties; the need for an incentive to prevent future harm; the nature of defendant's activity; the potential for an unmanageable flow of litigation; the historical development of precedent; and the direction in which society and its institutions are evolving. *Posecai v. Wal-Mart Stores, Inc.*, 99-1222, pp. 4-5 (La. 11/30/99), 752 So. 2d 762, 766; *Pitre v. Opelousas Gen. Hosp.*, 530 So. 2d 1151, 1161 (La. 1988); *Entrevia v. Hood*, 427 So. 2d 1146, 1149 (La. 1983).

Whether a duty is owed is a question of law. The inquiry is whether the plaintiff has any law—statutory, jurisprudential, or arising from general principles of fault—to support his claim. *Faucheaux v. Terrebonne Consol. Govt.*, 615 So. 2d 289 (La. 1993). In *Fowler v. Roberts*, 556 So. 2d 1, 7 (La. 1989) (on original hearing), the Louisiana Supreme Court stated that

governmental agencies, such as the DOTD, in the performance of governmental functions, may be subjected to the imposition of certain duties, the breach of which may result in liability for damages to those injured by a risk contemplated by that duty. The determination of whether a particular duty should be imposed on a particular governmental agency is a policy question. It is the court's role to determine whether there is any jurisprudential or statutory rule or policy reason why, under the facts and circumstances of this case, the state would owe a duty to plaintiff to compensate her for her personal injuries. *Berry*, *supra*.

To establish a breach of the DOTD's duty, a plaintiff must show that:

- The DOTD had custody of the thing that caused the plaintiff's injuries or damages;

- The thing was defective because it had a condition that created an unreasonable risk of harm;

- The DOTD had actual or constructive knowledge of the defect and failed to take corrective measures within a reasonable time; and

- The defect in the thing was a cause-in-fact of the plaintiff's injuries.

*Netecke v. State ex rel. DOTD*, 98-1182, pp. 7-8 (La. 10/19/99), 747 So. 2d 489, 493-94; *Brown v. Louisiana Indem. Co.*, 97-1344 (La. 3/4/98), 707 So. 2d 1240, 1242; *Lee v. State, Through Dept. of Transp. & Development*, 97-0350 (La. 10/21/97), 701 So. 2d 676, 677-78. To recover, the plaintiff must prove all of these inquiries in the affirmative; failure on any one is fatal to the case. *Netecke*, *supra*.

While the DOTD has a duty to maintain the public roadways in a condition that is reasonably safe and does not present an unreasonable risk of harm to the motoring public exercising ordinary care and reasonable prudence, the DOTD is not a guarantor of the safety of all the motoring

7

public under every circumstance, nor is the DOTD the insurer for all injuries or damages resulting from any risk posed by obstructions on or defects in the roadway. La. R.S. 48:21(A); *Brooks v. State ex rel. Dept. of Trans. and Development,* 10-1908, p. 3 (La. 7/1/11), 74 So. 3d 187, 189-90.

Once the DOTD is notified of a hazardous condition or obstruction, it has a mandatory duty, imposed by statute, to "maintain, repair and regulate the use of public transportation systems, and to perform such other functions with regard to public highways, [and] roads . . . as may be conferred on the Department by applicable law." La. R.S. 48:21. This duty includes the repair of any damage or obstruction of which the DOTD has notice, whether the hazard was created by the DOTD action or not, *Robertson v. Handy,* 354 So. 2d 626 (La. App. 1 Cir. 1978), *writ denied*, 356 So. 2d 434 (La. 1978), as quickly and expeditiously as possible under the prevailing circumstances. *Porta v. State, State Board,* 242 So. 2d 64 (La. App. 1 Cir. 1970).

In the instant case, the DOTD filed for summary judgment, *inter alia*, on the basis that there was no genuine issue of material fact as to the reasonableness of the DOTD's response to plaintiffs' complaint about the blockage under the bridge near their farmlands. Attached to the DOTD's motion was Mr. Williams' deposition. Specifically, the DOTD pointed out that, based on Mr. Williams' deposition testimony: his initial complaint to the DOTD was on February 1, 2012; the DOTD cleared the blockage of debris and silt from under the bridge two weeks later, on February 15, 2012; plaintiffs' crops, however, were a total loss within five to six days of Mr. Williams' initial complaint.

This Court is convinced that, even had the trial court considered the affidavit of Mr. Williams, its ultimate conclusion would not have changed.

8

Plaintiffs failed to establish, through reliable, relevant evidence that ***the DOTD breached a duty imposed upon it by applicable law*** by acting unreasonably and untimely in clearing the debris and silt from under the bridge near plaintiffs' farmlands.[2]  We find no error in the trial court's judgment granting the DOTD's motion for summary judgment dismissing plaintiffs' claims on this basis.

## CONCLUSION

For the reasons set forth above, the judgment of the trial court granting summary judgment in favor of defendant, the State of Louisiana, through the Department of Transportation and Development, dismissing with prejudice the claims of plaintiffs, Faith in Farming Company, L.L.C., and Williams & Williams Farms, L.L.C., is affirmed.  Costs are assessed against plaintiffs.

**AFFIRMED.**

---

[2] This Court is not convinced that such a duty exists under the facts and circumstances of this case, inasmuch as plaintiffs are not the motoring public. Furthermore, cause-in-fact is a separate, equally difficult burden plaintiffs would have to bear in this case.

9

**HUNTER, J., concurring.**

I concur in the conclusion the trial court did not err in granting DOTD's motion for summary judgment. I write separately to express my view standards should be developed by DOTD and the legislature to address such agency response issues in the future.

Under La. R.S. 48:21 the functions of DOTD are to study, administer, construct, improve, maintain, repair, and regulate the use of public transportation systems and to perform such other functions with regard to public highways, roads and other transportation facilities as may be conferred by applicable law. Perhaps the statutory provision concerning DOTD's duties could be amended to address the type of non-roadway condition at issue in this case.

Although the establishment of strict timelines for response by DOTD in circumstances similar to those in this matter may not be feasible, at a minimum it seems there should be a statutory requirement instructing DOTD to repair this type of obstruction under a bridge within its custody as quickly and expeditiously as possible under the prevailing circumstances.

Some type of agency or legislative study to consider what would constitute a reasonable time to clear such a blockage of drainage and what type of remedial measures would be adequate may be beneficial in assisting DOTD in developing practical guidelines for the future.

1