WILLIAMS, J.
 

 liThe defendant, City of Shreveport, appeals a judgment in favor of the plaintiff, Linda Garcie. The trial court awarded plaintiff the amount of $20,964.99 in total damages and assessed defendant with 75% fault in causing the accident. For the following reasons, we affirm.
 

 FACTS
 

 On October 6, 2007, sometime after 5 p.m., Linda Garcie was walking her dog on the sidewalk of the 200 block of Pomeroy Drive in Shreveport. Garcie was holding the leash as the dog walked in front and to the right of her. While walking past Emily Pasquier’s home at 216 Pomeroy Drive, Garcie tripped over an elevated portion of the sidewalk and fell to the ground. Gar-cie injured her right shoulder as a result of the fall and continued to feel pain after she returned home. When the pain continued for a second day, Garcie sought medical treatment at the emergency room of Willis Knighton Health Center. In January 2008, the plaintiff, Linda Garcie, filed a petition for damages against the defendants, Emily Pasquier and the City of Shreveport (“the City”). Pasquier was dismissed from the lawsuit prior to trial.
 

 
 *13
 
 After hearing the evidence, the trial court allocated 75% fault to the City in causing the accident and 25% fault to plaintiff, finding that the City had been notified of the defective condition of the sidewalk prior to the plaintiff’s accident, but that the condition was not hidden and could have been avoided by plaintiff. The court rendered judgment awarding the plaintiff $964.99 for medical expenses and $20,000 in general damages. The City appeals the issue of liability.
 

 1 .DISCUSSION
 

 The City contends the trial court erred in finding that the City was liable for plaintiffs injury. The City argues that the evidence does not support the court’s finding because the City had no record of receiving a complaint about the defective sidewalk and the homeowner who allegedly reported the defect failed to specify when he called or even which department he contacted.
 

 No person shall have a cause of action against a public entity for damages caused by the condition of things within its care and custody unless such entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so. LSA-R.S. 9:2800. To recover against a public entity for damages due to a defective thing, the plaintiff must prove by a preponderance of evidence that: (1) the thing that caused her damages was in the defendant’s custody; (2) the thing was defective due to a condition that created an unreasonable risk of harm; (3) the defendant possessed actual or constructive notice of the defect, yet did not take corrective action within a reasonable period of time; and (4) the defect was a cause in fact of plaintiffs harm.
 
 Lee v. State DOTD,
 
 97-0350 (La.10/21/97), 701 So.2d 676;
 
 Breitling v. City of Shreveport,
 
 44,112 (La.App.2d Cir.5/13/09), 12 So.3d 457.
 

 The trial court’s findings of fact are subject to the manifest error standard of review. The appellate court must determine whether the trialcourt’s conclusion is reasonable based upon the record as a whole.
 
 Graves v. Page,
 
 96-2201 (La.11/7/97), 703 So.2d 566.
 

 In the present case, Claude Pasquier testified that he and his wife had owned the house at 216 Pomeroy since 1977. Pasquier stated that some years later, a three-inch crack developed in the sidewalk in front of his house. Pasquier reported the crack to the City, which repaired the sidewalk. He stated that over time the sidewalk condition deteriorated until a one-inch crack appeared in the same area as before. Pasquier testified that in late 2006 or early 2007, using the blue pages of the phone book, he called the City to request a repair of this new crack in the sidewalk. Pasquier acknowledged that he could not specifically recall when he reported the crack to the City. However, Pasquier believed he had called the City approximately ten months before the accident in October 2007, but the sidewalk was not repaired until after the plaintiff had tripped. Pasquier testified that nothing obstructed a person’s view of the crack in the sidewalk, that the one-inch crack was obvious to him and that he had walked on that part of the sidewalk many times without tripping.
 

 Ernie Negrete, the City’s Superintendent of Streets and Drainage, testified that the City has responsibility for correcting defects in public sidewalks that are reported by residents. Negrete stated that his department receives over 6,000 phone calls each year regarding various issues with streets, sidewalks and drainage. Negrete testified that the City had established a
 
 *14
 
 public complaint system named “C-CAR,” which collected residents’ reports of defective streets and sidewalks. He explained that the |4standard procedure for such phone calls was that a secretary with a computer would answer the call and enter the information directly into the C-CAR system and then a work order would be created. A supervisor would then inspect the area and if the condition created a public hazard then the problem would be given priority and repaired as quickly as possible. Negrete stated that he had personally reviewed the C-CAR records and did not find any complaint of a sidewalk problem at 216 Pomeroy made prior to plaintiffs accident. Negrete testified that the City was first notified of the sidewalk defect at that location on October 8, 2007, after the plaintiff had fallen. Negrete acknowledged that the City’s system was as accurate as the operator who was entering the information from each call into the computer.
 

 Linda Garcie, the plaintiff, testified that on October 6, 2007, she tripped on an uneven part of the sidewalk in front of 216 Pomeroy Drive while walking her dog at dusk. Plaintiff stated that she fell with her weight on her right arm and felt pain from a fracture of her right shoulder. Plaintiff testified that while walking, her attention was on the path in front of her, but she did not notice the elevated portion of the sidewalk as she approached the cracked area. Plaintiff stated that although she previously had walked her dog on Pomeroy, she most often walked on the side opposite where she fell. Plaintiff acknowledged that the cracked area of the sidewalk was not covered over and that nothing had obstructed her view of the sidewalk at the time of her accident.
 

 In its appellate brief, the City argues that the plaintiff failed to present sufficient evidence to prove that the City received notice of the defective |ssidewalk because Pasquier could not specify when he called the City and his testimony was contradicted by Negrete, who testified that there was no record of anyone having reported the defective condition to the City prior to the accident. The trial court heard this conflicting testimony and weighed the credibility of the witnesses. The evidence presented shows that although Pasquier was unable to recall the exact date on which he called the City to report the sidewalk defect, he testified that he was certain he had reported the problem many months before the plaintiffs fall and the subsequent repair of the sidewalk. The trial court found that Pasquier was a credible witness. In addition, the court could reasonably have found that Pasquier had notified the City about the defect despite the lack of any record of such a complaint, based on the evidence that Negrete did not personally receive the telephone complaints made to the City, that over 6,000 such telephone calls were received in a year, and that the phone complaints were manually logged into the C-CAR system.
 

 Based upon this record, we cannot say the trial court was clearly wrong in finding that the City received actual notice of the defective sidewalk prior to the accident and failed to make a repair within a reasonable time. Thus, the court did not err in assessing the City with liability for the plaintiffs injury. This assignment of error lacks merit.
 

 Allocation of Fault
 

 The City contends the trial court erred in allocating 75% fault to the City in causing the accident. The City argues that the plaintiff should have been assessed a greater percentage of fault than the City because she failed Rto see an obvious hazard.
 

 In assessing comparative fault, the courts consider (1) whether the con
 
 *15
 
 duct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste without proper thought.
 
 Watson v. State Farm Fire and Casualty Ins. Co.,
 
 469 So.2d 967 (La.1985);
 
 Ricks v. City of Shreveport,
 
 42,675 (La.App.2d Cir.10/24/07), 968 So.2d 863. The trial court’s allocation of fault is subject to manifest error review.
 
 Duncan v. Kansas City Southern Railway Co.,
 
 00-0066 (La.10/30/00), 773 So.2d 670.
 

 A pedestrian is held to have seen those dangers or obstructions in his pathway which would be discovered by a reasonably prudent person exercising ordinary care under the circumstances. A pedestrian is not required to constantly observe the surface of the walk.
 
 Boddie v. State,
 
 27,313 (La.App.2d Cir.9/27/95), 661 So.2d 617. The degree to which a danger may be observed by a potential victim is one factor in the determination of whether the condition is unreasonably dangerous.
 
 Eisenhardt v. Snook,
 
 08-1287 (La.3/17/09), 8 So.3d 541.
 

 In this case, the plaintiffs accident occurred when the weather was clear and the sidewalk was dry. The record shows that plaintiffs view of the sidewalk was not obstructed and she was not proceeding in haste. In apportioning fault to the plaintiff, the trial court noted that the cracked area of the sidewalk was not hidden and could have been avoided if noticed by [7the plaintiff. However, the evidence presented supports a finding that the cracked portion of the sidewalk encountered by plaintiff was elevated enough to cause a hazard and yet was not so apparent as to be easily observed, particularly at a time of diminishing daylight. Additionally, the City received notice of the defect and was in a superior position to remedy the dangerous condition and prevent the accident. After reviewing the record in light of the
 
 Watson
 
 factors, we cannot say the trial court was plainly wrong in allocating 75% of the fault to the City in causing the accident and 25% fault to the plaintiff. The assignment of error lacks merit.
 

 CONCLUSION
 

 For the foregoing reasons, the trial court’s judgment is affirmed. The appellate filing fees in the amount of $146.50 shall be paid to this court by the appellant, City of Shreveport, in accord with LSA-R.S. 13:5112.
 

 AFFIRMED.