PER CURIAM.
| defendants, Grant Parish School Board and Jana Lashley, seek review of a ruling of the court of appeal amending the district court’s allocation of fault, and increasing plaintiffs damage award. For the reasons that follow, we now reverse the judgment of the court of appeal, and reinstate the district court’s judgment in its entirety.
*925 UNDERLYING FACTS AND PROCEDURE
This case arises from a collision between an automobile and school bus which occurred in the curve of a narrow portion of J.D. Camp Road in rural Grant Parish. Plaintiff, Shenan Smith Purvis, and her passenger, Jessica Thomisee, were traveling southbound, and Jana Lashley, a school bus driver, was traveling northbound. The road had no striped centerline of demarcation. As the drivers entered the curve, the left-front portions of the two vehicles collided.
As a result of the accident, plaintiff filed the instant suit against Ms. Lashley, and her employer, Grant Parish School Board (“GPSB”).[1] The matter proceeded to a bench trial, at which time liability and damages were bifurcated.
|gAt the conclusion of the liability portion of the trial, the district court apportioned 40% fault to plaintiff, and 60% to defendants. In its “Memorandum Ruling and Reasons for Judgment,” the district court stated, in pertinent part:
The vehicles did not strike each other head on. Likely, each was attempting to drive in their respective lanes. However, due to the nature of the road (unpaved, no middle lane [sic]) at this particular spot (a bend or curve in the road) and given the large size of the school bus compared to the smaller size of the plaintiffs car, it is most likely that while driving along the road, and especially when maneuvering the curve, the left side of the school bus was encroaching over the center of the road, and was partly in the plaintiffs lane.
Given the large size of the school bus, plaintiff may not have been able to avoid collision altogether. The court heard conflicting testimony regarding the moments before the collision. Plaintiff testified that defendant was looking down while defendant maintains that she attempted to alert the other vehicle by repeatedly honking her horn. Also noteworthy is that the plaintiffs car was not knocked completely off the roadway as a result of the impact. This lends support that the plaintiffs vehicle, while not improperly in the middle of the road so as to collide head on with defendant, may- have been hugging the center lane [sic] just enough so that the left corner of the bus snipped into the left corner of plaintiffs vehicle. It is the finding of this court that both parties were at fault in this accident.
The court apportions 60% of the fault to the defendant and 40% to the plaintiff.
In lieu of a trial on damages, the parties agreed to submit depositions and medical records. After reviewing the submissions, the district court awarded plaintiff property damages of $6,834.50, rental car expenses of $2,133.15, past medical expenses of $27,822.83, and general damages of $7,500. The court declined to make any award of future medical expenses or lost wages. It assessed costs against the parties in accordance with their respective percentages of fault.
[ ^Plaintiff appealed. A divided panel of the court of appeal' reversed the district court’s judgment in part. Purvis v. Grant Parish School Bd., 12-1325 (La.App. 3 Cir. 5/15/13), — So.3d-, 2013 WL 1975891.
The majority of the court found the district court was manifestly erroneous in determining plaintiff was 40% at fault for the accident. In support of this conclusion, the court of appeal noted the district court *926 determined plaintiff “was not improperly in the middle of the road,” yet assessed her with fault. The court of appeal found that, with the exception of Ms. Lashle/s testimony, all other accounts have plaintiff traveling in her own lane, while Ms. Lash-ley was inattentive at the time of the accident. Accordingly, the court of appeal reversed the district court’s allocation of fault, and held defendants were 100% at fault in causing the accident.
Turning to damages, the court of appeal found the award of $7,500 in general damages to be abusively low, and found the lowest amount the district court could have reasonably awarded to be $35,000. Regarding future medical expenses, the court of appeal found plaintiff met her burden of proving by a preponderance of the evidence that more probably than not the expenses would be incurred, and plaintiff presented medical testimony that the expenses are necessary. Accordingly, the court of appeal awarded plaintiff future medical expenses of $24,006.25. Additionally, it taxed all costs to defendants.
One judge in the court of appeal dissented, and adopted the district court’s reasons for judgment as- his dissent. Another judge dissented, finding the district court’s judgment was not manifestly erroneous, and indicated he “would affirm the trial judge’s decision on all issues.”
Upon the defendants’ application, we granted certiorari to consider the correctness of this ruling. Purvis v. Grant Parish School Bd., 13-1424 (La.10/4/13), |4122 So.3d 546. The sole issue presented for our consideration is whether the court of appeal erred in reversing the district court’s allocation of fault and in increasing plaintiffs damage award.
DISCUSSION

Fault

A trial court’s findings regarding percentages of fault are factual, and will not be disturbed on appeal unless clearly wrong. Socorro v. City of New Orleans, 579 So.2d 931 (La.1991). In Stobart v. State, through DOTD, 617 So.2d 880 (La. 1993), this court set forth a two-part test for the reversal of the fact-finder’s determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
This test dictates that a reviewing court must do more than simply review the record for some evidence that may controvert the trial court ruling. Rather, it requires a review of the entire record to determine whether manifest error has occurred. Thus, the issue before the court of appeal is not whether the trier of fact was right or wrong, but whether the fact-finder’s conclusion was a reasonable one. London Towne Condominium Homeowner’s Association v. London Towne Company, 06-401 (La.10/17/06), 939 So.2d 1227. Where the fact-finder’s determination is based on its decision to credit the testimony of one or more witnesses, that finding can virtually never be manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967 (La.1985), this court set forth a number of factors to be considered in allocating fault pursuant to IfiLa. Civ.Code art 2323. These are 1) whether the conduct was inadvertent or involved an awareness of the danger, 2) how great a risk was created by the conduct, 3) the significance of what was *927 sought by the conduct, 4) the capacities of the actors, and 5) any extenuating factors which might require the actor to proceed with haste, without proper thought.
In the instant case, the district court was faced with conflicting testimony concerning how the accident took place. Plaintiff testified that as she approached the curve, she saw Ms. Lashley looking down and crossing into her lane. Plaintiffs passenger likewise testified Ms. Lashley was looking down and crossed the center of the road. However, Ms. Lashley testified plaintiff “was in the middle of the road” before the accident occurred, and the point of impact was in her (Ms. Lash-ley’s) lane of travel.
A review of the district court’s reasons for judgment indicate the district court allocated a percentage of fault to plaintiff based on a finding that she breached her duty to “drive defensively from the time she witnesses negligent operation of another vehicle,” and “to slow down or otherwise avoid risk posed by a vehicle ahead.” This finding is supported by Ms. Lashley’s testimony at trial that plaintiff “came around the curve so fast in the center til it was just, I mean, by the time — she had already hit me and I applied the brakes.”
In reaching its conclusion, the district court acknowledged that plaintiffs vehicle was “not improperly in the middle of the road so as to collide head on with defendant,” and explained that given the “large size of the school bus, plaintiff may not have been able to avoid collision altogether.” Nonetheless, the district court determined plaintiffs vehicle “may have been hugging the center lane just enough so that the left corner of the bus snipped into the left corner of plaintiffs vehicle.” | fiBased on these findings, the district court concluded that plaintiff should bear some fault for the accident.
Because there was little objective evidence in this case,[2] the district court’s findings were based in large measure on credibility determinations. In such cases, this court has emphasized the importance of deferring to the trier of fact’s findings, “as the trier of fact is not disadvantaged by the review of a cold record,” and “is in a superior position to observe the nuances of demeanor evidence not revealed in a record.” Adkins v. Huckabay, 99-3605 at p. 16 (La.2/25/00), 755 So.2d 206, 215. See also Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973) (explaining the appellate court should defer to the trial court’s factual findings based on the “trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record) ... ”).
Considering the record as a whole, we cannot say the district court’s assessment of 40% of the fault for the accident to plaintiff is manifestly erroneous. Accordingly, the court of appeal erred in disturbing the district court’s determination of fault.

Damages

It is well-settled that vast discretion is accorded to the trier of fact in fixing general damage awards. La. Civ. Code art. 2324.1; Duncan v. Kansas City Southern Railway Co., 00-0066 (La.10/30/00), 773 So.2d 670. This vast discretion is such that an appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas *928 Corp., 623 So.2d 1257,1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Thus, the role of the appellate court in reviewing general damage |7awards is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Youn, 623 So.2d at 1260.
The initial inquiry, in reviewing an award of general damages, is whether the trier of fact abused its discretion in assessing the amount of damages. Cone v. National Emergency Serv. Inc., 99-0934 (La.10/29/99), 747 So.2d 1085, 1089; Reck v. Stevens, 373 So.2d 498 (La. 1979). Only after a determination that the trier of fact has abused its “much discretion” is a resort to prior awards appropriate, and then only for the purpose of determining the highest or lowest point which is reasonably within that discretion. Coco v. Winston Indus., Inc., 341 So.2d 332 (La.1976).
In the instant case, the primary dispute is over the trial court’s award of $7,500 in general damages, and failure to award any future medical expenses. In making its award, the district court acknowledged plaintiff suffered a sprained ankle as a result of the accident. However, the court noted this injury did not require the use of crutches, and was resolved by August 2005.
The court found plaintiff testified the accident caused a cap to come off her tooth. Her dentist recommended plaintiff have her cracked tooth pulled and replaced with a prosthetic implant. Although plaintiff verbally expressed a desire to have this procedure performed, the court noted she had not been to a dentist in eight years. Considering plaintiffs lack of credibility,[3] the court determined her statement by itself was not enough to establish the probability of the treatment. Therefore, the [ scourt declined to make any award of future medical expenses for replacement of the tooth.
The court noted evidence was submitted indicating plaintiff suffered a shoulder injury (labral tear) from the accident, which was the cause of some of the pain she experienced in her neck. However, the court also found there was evidence indicating she had a previous injury to her right shoulder. Additionally, the court cited surveillance evidence indicating plaintiff did not exhibit any limitation regarding use of her right arm. Although plaintiffs physicians recommended future treatment for the labral tear, the expert testimony in the record indicated surgical repair of the tear would be of limited benefit. The court observed that in the years since the injury, plaintiff had taken no significant steps toward having the surgery performed. Given plaintiffs lack of credibility, the court declined to accept her testimony that she desired to have the procedure performed. Therefore, the court made no award for future shoulder surgery.
*929 The court next found the evidence indicated plaintiff suffered a strain to her lumbar spine, which aggravated a previous surgery. However, it noted she had a history of back pain and trouble prior to the accident.
Finally, the court rejected plaintiffs claim she suffered depression as a result of the accident. The court observed plaintiff visited her doctor one week prior to the accident, at which time her doctor noted she was suffering from depression, but was stable on her medication. The court found she did not visit a psychologist until over two years after the accident. It concluded that her depression pre-dated the accident, and found no evidence which would show to what extent this previously-diagnosed depression was affected by the accident.
| nBased on our review of the record, we conclude the district court’s award of damages do not represent an abuse of discretion. The evidence in the record suggests plaintiff sustained relatively minor injuries as a result of the accident. Although plaintiff testified she wanted to have future treatment for the cracked tooth and labral tear, plaintiffs failure to pursue such treatment, combined with her lack of credibility, supports the trial court’s decision not to award future medical expenses.

Costs

The district court’s allocation of costs mirrored its allocation of fault: 40% to plaintiff; 60% to defendants. The district court has broad discretion in determining and allocating court costs. Foreman v. Montgomery, 517 So.2d 1034, 1035 (La.App. 3d Cir.1987). In light of our judgment reinstating the district court’s assessment of fault, we now reinstate the district court’s award and allocation of costs.
DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The judgment of the district court is reinstated in its entirety.
JOHNSON, Chief Justice, dissents for reasons assigned by Justice KNOLL.
KNOLL, Justice, dissents and assigns reasons.
HUGHES, Justice, dissents with reasons.

. A separate suit was filed by Ms. Thomisee against Ms. Lashley and the GPSB. In a third suit, the Louisiana Workers’ Compensation Corporation sought to recover benefits paid on behalf of Ms. Lashley. The suits were consolidated for discovery and trial.

. Although the officer who investigated the accident testified the point of impact was in plaintiff's lane of travel, he admitted the narrative and diagram portions of his accident report did not match, and he was unsure which section was correct. Further, the testimony of Ms. Lashley, plaintiff, and at least one independent witness, casts doubt on the officer’s testimony that he obtained statements from both drivers after the accident.

. The district court's reasons include the following regarding Ms. Purvis' credibility:
On November 2, 2006, Ms. Shenan Smith Purvis pled guilty to perjury in this Honorable Court under the criminal docket number 2006-CR-671. Judicial notice of this criminal proceeding is hereby taken. C.E. art. 201(C); State v. Batiste, 687 So.2d 499, (3rd Cir. 12/11/96), writ denied 696 So.2d 1003, reconsideration denied 701 So.2d 970. This evidence places a cloud of doubt upon Ms. Purvis that permeates every action and assertion that Ms. Purvis has made with respect to her case. It is noted that Ms. Purvis has had an incentive to exaggerate or fabricate facts throughout the time period relevant to this case. This Court takes great caution when considering assertions the plaintiff has made to her physicians and in her deposition related to her injuries.