STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-670

MARK SHARBENO, ET AL.

VERSUS

ALLSTATE INSURANCE COMPANY,
ET AL.

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT,
PARISH OF VERNON, DOCKET NO. 80,809, DIVISION B
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese,
Judges.

AFFIRMED.

Holli K. Yandle
The Dill Firm, APLC
825 Lafayette Street
Post Office Box 3324
Lafayette, Louisiana 70502-3324
(337) 261-1408, Ext. 216
COUNSEL FOR DEFENDANT/APPELLANT:
    Safeway Insurance Company of Louisiana

**Barry M. Barnett**
**Lacroix, Levy and Barnett**
**Post Office Box 1105**
**1101 Bolton Avenue**
**Alexandria, Louisiana  71309**
**(318) 443-7615**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Brandy Sharbeno**

**GENOVESE, Judge.**

In this personal injury case involving an underinsured motorist (UM) claim, Defendant, Safeway Insurance Company of Louisiana (Safeway), appeals the judgment of the trial court in favor of Plaintiff, Brandy Sharbeno.[1]  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

The instant litigation arises out of a single-vehicle accident which occurred in the early morning hours of January 19, 2008, in Vernon Parish, Louisiana. Occupants in the vehicle at the time of the crash were Joseph W. Brittain, nineteen years of age, and Brandy Sharbeno, fourteen years of age.  There is considerable dispute concerning the basic facts of the accident, particularly who was operating the vehicle.  What is known is that Ms. Sharbeno and Mr. Brittain were occupants in a 1999 Chevrolet Camaro owned by Mr. Brittain when it crashed.  Ms. Sharbeno was injured in the accident, and Mr. Brittain was killed.

Asserting that Mr. Brittain's negligence was the cause of the accident and his minor daughter's resulting injuries, Mark Sharbeno, individually, and on behalf of his minor daughter, Brandy, filed suit against Allstate Insurance Company, Mr. Brittain's automobile liability insurance carrier; Safeway, his UM insurance carrier; Misty Brittain; and John Thomas Brittain, as administrator of the estate of his minor child, Kimberly Brittain.[2]  In its answer, Safeway alleged that

---

[1]When this lawsuit was filed, Ms. Sharbeno was a minor; therefore, her father, Mark Sharbeno, filed suit on her behalf.  Ms. Sharbeno has reached the age of majority and, thus, the trial court lists Ms. Sharbeno as Plaintiff in whose favor it granted judgment.

[2]Misty and Kimberly Brittain were heirs to the estate of their brother, Joseph W. Brittain.

Ms. Sharbeno was the driver of the Camaro at the time of the accident and was not entitled to recover under Safeway's UM policy.[3]

After a bench trial and taking the matter under advisement, the trial court issued Written Reasons for Judgment rejecting Safeway's allegations and ruled in favor of Ms. Sharbeno. The trial court labeled Safeway's evidence "circumstantial" and "suspect"; whereas, it found Ms. Sharbeno's "testimony that she was a guest passenger in the vehicle at the time of the accident to be credible." After the signing of a formal judgment in favor of Ms. Sharbeno, Safeway perfected a suspensive appeal.

## ASSIGNMENTS OF ERROR

On appeal, Safeway presents the following assignments of error:

1.  The trial court committed manifest error when it failed to accept the uncontradicted testimony of an expert in accident reconstruction where there was no sound reason for rejecting the testimony and when the testimony was corroborated by other, objective evidence.

2.  The trial court committed manifest error when it accepted as credible the testimony of [Ms. Sharbeno] when her testimony was directly contradicted by other, objective evidence.

## LAW AND DISCUSSION

Whether Ms. Sharbeno was the driver of the Camaro at the time of the accident is a factual determination requiring the application of the manifest error standard of review. In *Purvis v. Grant Parish School Board*, 13-1424, p. 4 (La. 2/14/14), 144 So.3d 922, 926, our supreme court set forth the applicable appellate standard of review as follows:

> In *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993), this court set forth a two-part test for the reversal of the fact-finder's determinations:

---

[3]Prior to trial, Ms. Sharbeno settled her claims against all defendants except Safeway.

2

> 1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
>
> 2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
>
> This test dictates that a reviewing court must do more than simply review the record for some evidence that may controvert the trial court ruling. Rather, it requires a review of the entire record to determine whether manifest error has occurred. Thus, the issue before the court of appeal is not whether the trier of fact was right or wrong, but whether the fact-finder's conclusion was a reasonable one. *London Towne Condominium Homeowner's Association v. London Towne Company*, 06-401 (La. 10/17/06), 939 So.2d 1227. Where the fact-finder's determination is based on its decision to credit the testimony of one or more witnesses, that finding can virtually never be manifestly erroneous. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

In the instant case, the trial court was faced with staunchly conflicting testimony in its effort to determine who was driving the vehicle when the accident occurred. The testimony of the sole survivor, whose personal injury claim is at issue, was juxtaposed against the evidence presented by Safeway in its denial of recovery under its UM policy.

Safeway argues that the trial court manifestly erred "when it rejected the uncontradicted, objectively-supported testimony of an expert in accident reconstruction and accepted the objectively contradicted testimony of [Ms. Sharbeno]." Countering, Ms. Sharbeno argues that the trial court was correct in "finding that the [sensing diagnostic module (SDM)] data was suspect, and in rejecting Trooper [Clay] Cedar's opinion based on that data"; thus, a reasonable factual basis exists for its judgment in her favor.

The vehicle which crashed was a 1999 Chevrolet Camaro with a manual shift transmission. At the time of the accident, Ms. Sharbeno was fourteen years of age and did not possess a driver's license. Ms. Sharbeno testified that she had

3

driven a vehicle before—a few times with her father in his truck and once, briefly, with Mr. Brittain in his truck.[4] Ms. Sharbeno denied that she ever drove Mr. Brittain's Camaro. She claimed that at that time, she did not even know how to drive a vehicle with a manual shift transmission.

In recounting the details of the accident, Ms. Sharbeno stated that she was seated in the passenger's seat and that neither she nor Mr. Brittain were wearing a seatbelt. She remembered the weather being cold with a misting rain. Mr. Brittain drove through a curve then shifted the vehicle into a lower gear in an attempt to make the car sway, or fishtail. However, she described that Mr. Brittain lost control when the car "kept coming back and forth and then we went off the road[.]" Ms. Sharbeno testified that the vehicle flipped and came to rest upside down. She crawled out of the vehicle and found that Mr. Brittain had been ejected and was pinned beneath the vehicle. She was transported to the hospital via ambulance with injuries to her head, hip, and thigh. Mr. Brittain succumbed to his injuries at the scene of the accident. Ms. Sharbeno's written statement, dated January 23, 2008, also reported that Mr. Brittain was driving and that neither was wearing a seatbelt.

Safeway offered the testimony of Trooper Clay Cedars of the Louisiana State Police Crash Reconstruction Unit as an expert[5] in accident reconstruction to refute Ms. Sharbeno's testimony. Trooper Cedars was the lead reconstructionist assigned to investigate this accident. He did not go to the accident scene the night that it actually occurred; however, he did review the responding officer's synopsis

---

[4]Ms. Sharbeno explained that Mr. Brittain owned both a car, a Chevrolet Camaro, and a pickup truck, a Toyota Tacoma.

[5]Ms. Sharbeno stipulated to Safeway's offering of Trooper Cedars as an expert witness in accident reconstruction.

of what occurred prior to his investigation. Trooper Cedars testified that initially, he had no suspicion that Mr. Brittain was not driving.

He described that his investigation included visiting the crash site, inspecting the Camaro, reviewing the data from the vehicle's SDM, also known as the black box, and interviewing Ms. Sharbeno. He physically inspected the Camaro twice. According to Trooper Cedars, the Camaro had a glass T-Top roof. During his inspection, he noted that the passenger's side T-Top roof was missing and that the passenger's side window was broken. The Camaro's passenger side bore the brunt of the impact and resultant damages. Trooper Cedars testified that he and Mr. Brittain were approximately the same height.[6] According to Trooper Cedars, the driver's seat of the Camaro was in a position that "did not fit the leg length or stature of the reported driver." He claimed that he spoke with the tow truck operator and verified that no one had manipulated the position of the Camaro's seats. Trooper Cedars testified that the data from the SDM indicated that the driver's seatbelt was buckled when the accident occurred. Trooper Cedars concluded that the physical evidence and the SDM's data made him suspicious that Mr. Brittain was not driving but was, instead, an unrestrained passenger before he sustained fatal injuries in the accident.

On January 28, 2008, Trooper Cedars interviewed Ms. Sharbeno. He revealed his suspicion that Mr. Brittain was not driving when the accident occurred. Ms. Sharbeno, however, maintained that she was the passenger and that Mr. Brittain was driving.

Safeway asserts that Trooper Cedar's investigation evinces that Ms. Sharbeno's testimony is unreliable. Safeway argues that it was manifest error

---

[6]Mr. Brittain's driver's license listed his height as 5'9" and his weight as 145 pounds.

for the trial court to accept Ms. Sharbeno's testimony over the testimony and investigative findings of Trooper Cedars.

Ms. Sharbeno did not offer any expert testimony in support of her position. However, Trooper Cedars was cross-examined extensively relative to a disclaimer on the SDM report stating: "Driver's Belt Switch Circuit Status indicates the status of the driver's seat belt switch circuit. If the vehicle's electrical system is compromised during a crash, the state of the Driver's Belt Switch Circuit may be reported other than the actual state." Trooper Cedars opined that the Camaro's electrical system was not compromised during the crash; however, he also admitted that he had to supply power to the vehicle in order to retrieve the data from the SDM. Ms. Sharbeno clearly elicited some reasonable doubt as to the accuracy of the SDM's data.

We are mindful that our supreme court has emphasized the importance of deferring to the trial court's ruling based on its capacity to better evaluate live witnesses, especially when its factual findings are based in large measure on credibility determinations.

> In such cases, this court has emphasized the importance of deferring to the trier of fact's finding, "as the trier of fact is not disadvantaged by the review of a cold record," and "is in a superior position to observe the nuances of demeanor evidence not revealed in a record." *Adkins v. Huckabay*, 99-3605 at p. 16 (La.2/25/00), 755 So.2d 206, 215. *See also Canter v. Koehring Co.*, 283 So.2d 716, 724 (La.1973) (explaining the appellate court should defer to the trial court's factual findings based on the "trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record) . . .").

*Purvis*, 144 So.3d at 927.

Safeway's reliance on Trooper Cedars' findings is certainly reasonable and justified; however, that does not negate the rule of law relative to two permissible

views of the evidence. This court has stated, "Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong." *Duplechain v. Town of Church Point*, 12-475, 12-476, p. 5 (La.App. 3 Cir. 12/19/12), 107 So.3d 800, 802 (citing *Stobart v. State, through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993)). After carefully reviewing the record, we find the trial court's conclusion that Ms. Sharbeno was not driving the vehicle at the time of the accident was reasonable. At the very least, this conclusion was based on a permissible view of the evidence. While Trooper Cedars' testimony casts doubt on Ms. Sharbeno's testimony, his evidence does not conclusively prove that Mr. Brittain was not driving when this accident occurred. We find that a reasonable factual basis exists in the evidence before the trial court and that although one may view these facts differently, the trial court was not clearly wrong. Therefore, according to *Purvis*, 144 So.3d 922, we must not substitute our view of the evidence over that of the factfinder and must affirm its ruling.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to Defendant/Appellant, Safeway Insurance Company of Louisiana.

**AFFIRMED.**