# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 14-1283

DESTINY GUIDRY

VERSUS

MARKET BASKET STORES, INC., ET AL.

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 2012-2407
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, James T. Genovese, and Phyllis M. Keaty, Judges.

                                                                **AFFIRMED.**

**Mark A. Delphin
Delphin Law Offices, A Professional Law Corporation
626 Broad Street
Lake Charles, Louisiana 70601
(337) 439-3939
COUNSEL FOR PLAINTIFF/APPELLANT:**
    Destiny Guidry

**Arthur J. O'Keefe**
**626 Broad Street**
**Lake Charles, Louisiana  70601**
**(337) 309-6122**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Destiny Guidry**


**Michael J. Williamson**
**Plauché, Smith & Nieset, L.L.C.**
**1123 Pithon Street**
**Post Office Drawer 1705**
**Lake Charles, Louisiana  70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Market Basket Stores, Inc. and Kenneth Wyant**

**GENOVESE, Judge.**

In this personal injury action, Plaintiff, Destiny Guidry, appeals a judgment entered pursuant to jury verdict dismissing her lawsuit with prejudice. The jury found no fault on the part of Defendant, Kenneth Wyant, an employee of Defendant, Market Basket Stores, Inc. (Market Basket). For the following reasons, we reverse the jury's finding as to fault, but affirm the judgment in favor of Defendants on the basis that Plaintiff failed to prove that her alleged injury was legally caused by Mr. Wyant's fault.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 14, 2011, Ms. Guidry was a patron at the Market Basket grocery store on Third Avenue in Lake Charles, Louisiana. Ms. Guidry alleges that while shopping in the meat department with her cousins, Contrina Cahee and Khadisha Cahee, she suffered injury to her right ankle as a result of being struck by a stock cart recklessly operated by Mr. Wyant.[1] Ms. Guidry describes the incident as a violent collision which left her right leg pinned under Mr. Wyant's stock cart and which caused her to be struck by several loose cans that were originally on the stock cart. Ms. Guidry went to the emergency room at W.O. Moss Regional Hospital for pain and swelling in her right ankle on June 18, 2011. She again sought treatment for her right ankle on June 28, 2011, at the emergency room of Lake Charles Memorial Hospital. Ultimately, but not until March 10, 2013, Ms. Guidry underwent surgery for repair of the peroneal tendon of her right ankle, an injury she claims resulted from the June 2011 Market Basket incident.

---

[1]It is undisputed that Mr. Wyant was employed by Market Basket and was working in the course and scope of his employment when the alleged incident occurred.

Ms. Guidry filed this personal injury action on June 1, 2012, against Mr. Wyant and Market Basket. A jury trial was held on March 12–14, 2014, during which time Ms. Guidry moved for a directed verdict on the issues of liability and causation.[2] The trial court denied the motion, stating in part: "In the matter before the [c]ourt[,] it does appear that [Ms. Guidry has] established that there has been an incident. However, the allegations with regard to fault are at issue, specifically as to the actual mechanics of what occurred on June 14th of 2011." Subsequently, the jury returned a verdict finding no fault on the part of Mr. Wyant. On the Jury Verdict Form, the first question was whether Mr. Wyant was "at fault in causing an accident on June 14, 2011?" The jury answered in the negative, which terminated their deliberation. Accordingly, the jury did not proceed to the next question relative to causation which asked, "Was defendant Kenneth Wyant's fault a cause of injury to Destiny Guidry?"

A judgment was signed in accordance with the jury's verdict. Ms. Guidry filed a Motion for Judgment Notwithstanding the Verdict, which the trial court denied. Ms. Guidry appeals.

## ASSIGNMENT OF ERROR

In her sole assignment of error, Ms. Guidry asserts: "The jury committed manifest error and made a decision which was clearly wrong when it concluded that[] Defendant, Kenneth Wyant, was not at fault in causing an accident on June 14th, 2011."

---

[2]Specifically, the transcript reveals that Ms. Guidry sought a directed verdict "on questions one and two of the jury verdict form[.]"

In *Purvis v. Grant Parish School Board*, 13-1424, p. 4 (La. 2/14/14), 144 So.3d 922, 926, our supreme court set forth the applicable appellate standard of review relative to this case as follows:

> In *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993), this court set forth a two-part test for the reversal of the fact-finder's determinations:
>
> > 1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
> >
> > 2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
>
> This test dictates that a reviewing court must do more than simply review the record for some evidence that may controvert the trial court ruling. Rather, it requires a review of the entire record to determine whether manifest error has occurred. Thus, the issue before the court of appeal is not whether the trier of fact was right or wrong, but whether the fact-finder's conclusion was a reasonable one. *London Towne Condominium Homeowner's Association v. London Towne Company*, 06-401 (La. 10/17/06), 939 So.2d 1227.

Thus, this court must not set aside the jury's verdict unless we find that it is manifestly erroneous or clearly wrong.

After hearing testimony from all who witnessed the incident—Ms. Guidry, Contrina Cahee, Khadisha Cahee, and Mr. Wyant—the jury determined that, under the facts and circumstances of this case, Mr. Wyant was not at fault in causing an accident. Ms. Guidry argues that the jury erroneously determined that Mr. Wyant was not at fault. We agree.

Mr. Wyant and Market Basket do not deny that an incident occurred on June 14, 2011. The record indicates, and it is undisputed, that Mr. Wyant, and Mr. Wyant alone, was in exclusive control of the stock cart on the date of the incident

and that he was pushing the stock cart, loaded with cans, when the cans fell off the stock cart. No one else had control of the stock cart. No one testified to the contrary. Though it is heavily disputed as to whether the stock cart, or the cans, or both, actually struck Ms. Guidry, it is uncontroverted that Mr. Wyant was solely in control of the stock cart and the cans prior to cans leaving the stock cart.

Thus, our review of the record clearly indicates that there is no reasonable factual basis for the jury's finding that Mr. Wyant was not at fault in causing an accident on June 14, 2011, and the record clearly establishes that the jury's finding is manifestly erroneous and clearly wrong. Therefore, we reverse the jury's finding as to fault and find that Mr. Wyant was at fault in causing an accident on June 14, 2011.

Having found legal error, the manifest error standard of review no longer applies. As set forth by this court in *Clement v. Citron*, 13-63, p. 4 (La.App. 3 Cir. 6/19/13), 115 So.3d 1260, 1264:

> Where . . . legal error interdicts the fact-finding process, the manifest error standard no longer applies. *Ferrell v. Fireman's Fund Ins. Co.*, 94-1252 (La. 2/20/95), 650 So.2d 742. In such instances, if the record is complete, the appellate court is charged to make its own independent de novo review of the record.

We find that the record before us is complete; hence, we shall make an independent de novo review of the record and decide this case.

In *Detraz v. Lee*, 05-1263, p. 8 (La. 1/17/07), 950 So.2d 557, 562 (quoting *Fowler v. Roberts*, 556 So.2d 1, 4 (La.1989)), our supreme court defined liability in a negligence case as:

> The determination of *liability in a negligence case* usually requires proof of five separate elements: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the

4

defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element). (Emphasis added.)

Having determined that Mr. Wyant was at fault in causing the June 14, 2011 accident, we now address the issue of causation. Mr. Wyant and Market Basket unequivocally refute Ms. Guidry's contention that she was hit by the stock cart and was injured as a result thereby. In addition to proving fault, Ms. Guidry also bears the burden of proving legal causation. *See Vita v. City of Lake Charles*, 12-594 (La.App. 3 Cir. 12/12/12), 106 So.3d 232. To do so, Ms. Guidry must prove through medical or lay testimony that it is more probable than not that the subsequent injuries were caused by the accident. *Id.*

The jury in this case was faced with staunchly conflicting testimony in its effort to determine whether Mr. Wyant was negligent and caused Ms. Guidry's personal injury. Ms. Guidry's version of what occurred at Market Basket on June 14, 2011, was starkly different from Mr. Wyant's version. Ms. Guidry describes a violent collision. Mr. Wyant recalls a very minor incident. Mr. Wyant claims that the stock cart did not touch Ms. Guidry; however, he testified that cans may have rolled toward Ms. Guidry and that he was uncertain whether any cans ever made physical contact with Ms. Guidry.

Mr. Wyant testified at trial by video deposition. Two other accounts evincing Mr. Wyant's explanation were also introduced at trial: a written statement and a recorded statement. In all three, Mr. Wyant is consistent in stating that he was pushing the stock cart when cans fell off the stock cart. According to Mr. Wyant's written statement:

5

There were 3 boxes (flats) of can goods on the cart. When I turned the corner[,] some of the can goods fell off of the cart and landed on a customer's lower leg and foot area. I immediately asked her if she was okay and she said she was fine[,] and she walked away continuing to shop.

In the recorded statement, Mr. Wyant was asked: "[Y]ou're saying that cans hit her, not the cart?" He answered:

> [T]he cart did not hit her. The cans, they was [sic] in a case, it was like 24 to a case. The cans hit the floor and when they did it busted the plastic and the cans came out and one of them had hit her, I guess it was her shin or her ankle or whatever. I[t] was on the bottom of her leg down there.

Finally, in his trial deposition, Mr. Wyant remained consistent in his testimony that he was pushing the stock cart when cans fell off the stock cart. The evidence clearly establishes that Mr. Wyant was in control of the stock cart which was loaded with cans. While pushing the stock cart, cans fell off the stock cart and rolled toward Ms. Guidry. Mr. Wyant acknowledged Ms. Guidry and asked her whether she was okay. Mr. Wyant admitted an accident; however, he adamantly denies that Ms. Guidry was struck by the stock cart as she alleges.

Having reviewed the record to determine whether Ms. Guidry proved legal causation, our examination reveals testimony which varied greatly as to the circumstances surrounding Ms. Guidry's injuries. The statements of Ms. Guidry and her liability witnesses, Contrina Cahee and Khadisha Cahee, were particularly divergent and irregular. The record reveals critical inconsistencies in their testimonies which did little to shed clear light on what actually transpired. Unquestionably, we are, as were the jurors, faced with serious credibility issues.

At her September 2012 deposition, Ms. Guidry described being violently struck by Mr. Wyant's stock cart, which caused it to fall over and pin her right leg

to the ground for five minutes.[3]  Neither of her two eyewitnesses, however, corroborated this element of Ms. Guidry's version of the incident.  At trial, Ms. Guidry attempted to rectify her statements by claiming that she really meant to say "seconds" when she said "minutes" during her deposition.

Contrina Cahee denied that Ms. Guidry was ever pinned under Mr. Wyant's stock cart.  Khadisha Cahee also disputed that Ms. Guidry was pinned by the stock cart.  There were also inconsistencies in the deposition and trial testimonies of Contrina Cahee and Khadisha Cahee as to the color of the stock cart that struck Ms. Guidry and exactly which portion of the stock cart struck Ms. Guidry.

According to Mr. Wyant, he did not strike Ms. Guidry with a stock cart on June 14, 2011.  He testified that he recalled seeing Ms. Guidry, Contrina Cahee, and Khadisha Cahee on that day in the Market Basket grocery store standing near the meat case.  He admits that as he pushed his stock cart towards them, he had to stop abruptly because another customer walked into his path.  This, he admits, did cause cans to fall off the stock cart; however, Mr. Wyant unequivocally denied that his stock cart flipped and pinned Ms. Guidry's leg to the floor.  He recalls cans falling from the stock cart and rolling towards Ms. Guidry, but he was unsure whether or not Ms. Guidry was struck by a can.  However, at that time, Ms. Guidry indicated to him that she was fine, and she acted as though nothing had happened.

In his defense at trial, Mr. Wyant exposed serious questions relative to Ms. Guidry's veracity.  Questions were posed as to why the accident was not reported to Market Basket personnel on June 14, 2011.  Ms. Guidry claimed that she tried to file a report, but she could not do so because Mr. Wyant disappeared

---

[3]At her September 2012 deposition, Ms. Guidry initially claimed that her leg was pinned beneath the stock cart for ten minutes.

after the accident occurred. According to Mr. Wyant, Ms. Guidry indicated she was fine, and there was neither a discussion of nor a need for an accident report since there was no injury.

Ms. Guidry testified at her deposition that her injury prohibited her from working on the days immediately following the accident. Ms. Guidry's employment records, which were introduced at trial, refute this claim. Other inconsistencies were exposed relative to Ms. Guidry reporting to her treating physicians that she was unable to work when her employment records showed that she was, in fact, working.

Questions were posed as to why Ms. Guidry did not seek treatment for her alleged ankle injury until June 18, 2011. Contrina Cahee testified that although Ms. Guidry was in pain immediately after her alleged injury, she did not seek treatment because she did not have medical insurance and did not know that Lake Charles had a charity hospital. This testimony, however, was debunked by evidence that Ms. Guidry had been to the charity hospital in Lake Charles on several prior occasions.

Weighing the entirety of the evidence as to causation, we find the sworn testimony most fatal. Ms. Guidry vacillated as to what transpired on June 14, 2011, falsehoods relative to her employment were exposed, and her own witnesses' testimonies failed to corroborate her testimony and failed to substantiate her claim of injury. Our de novo review of the record clearly establishes that Ms. Guidry failed to prove that the legal causation of her injury was a result of the accident caused by Mr. Wyant; hence, the trial court judgment denying and dismissing all of her claims with prejudice was proper.

8

**DECREE**

For the foregoing reasons, we reverse the jury's finding as to fault, but affirm the judgment in favor of Defendants, Kenneth Wyant and Market Basket Stores, Inc., on the basis that Plaintiff, Destiny Guidry, failed to prove that her alleged injury was legally caused by Mr. Wyant's fault. All costs are assessed to Plaintiff/Appellant, Destiny Guidry.

**AFFIRMED.**