DANIEL L. DYSART, Judge.
| -[This appeal arises from a trial court judgment awarding plaintiffs damages for personal injuries sustained in an automobile accident. The only issue in this appeal concerns the trial court’s finding that the accident was caused solely by the fault of the defendant, Kevin Fogg. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL BACKGROUND
On August 20, 2013, an automobile accident occurred at the intersection of Elysian Fields Avenue and Gentilly Boulevard in New Orleans, Louisiana, between vehicles driven by plaintiff, Asha Brown, and defendant, Kevin Fogg. Ms. Brown, individually and on behalf of her minor children, Miyah Brown and Charlayah Brown, and Naehelle Williams, on behalf of her •minor child, Malia Miles (the minor children were passengers in Ms. Brown’s vehicle at the time, of the accident) filed suit against Mr. Fogg, his employer, New Orleans Private Patrol Service, Inc., and its insurer, Travelers Insurance Company (collectively, “defendants”) for personal injuries sustained in the accident.
| ¡.This matter proceeded to a bench trial on February 25, 2015.[1] By judgment dated March 5, 2015, the trial court found in favor of the plaintiffs and awarded the following amounts (representing both general and special damages): to Asha Brown, $7,355; to Miya Brown, $7,355; to Charlayah Brown, $650; and to Malia Miles, $1,390.48. Defendants then filed a motion for new trial which was denied on May 20,2015.
This appeal ensued and the only issue before us is that of liability.
*106 DISCUSSION
In this appeal, defendants maintain that the trial, judge committed manifest error in determining that the'accident occurred in the manner as attested to by Ms.. Brown at trial. Defendants’ arguments are based on the fact that Ms. Brown’s version of the accident at trial differed from the versions contained in her petition for damages, discovery responses and pre-trial statement. Defendants maintain that Ms. Brown should not have been allowed to testify to (1) facts which were inconsistent with her petition; (2) facts which differed .from her unverified discovery responses; and (3) facts which differed from her pre-trial statement.
In her petition, Ms. Brown alleged that the accident occurred while Ms. Brown was “traveling on Elysian Fields Avenue at Gentilly Boulevard when suddenly and without warning defendant, Kevin Fogg ... rear ended” Ms. Brown’s vehicle. In her answers to interrogatories sent to defendants on July 7, 2014, Ms. Brown stated that she “was going up Elysian Fields Avenue making a right turn onto Gentilly Boulevard and a truck behind [her] turned also and turned into the rear of [her] vehicle.” Her discovery responses further state that the “rear bumper |3[of her vehir cle] was struck by the front bumper of defendant's] vehicle.” Finally, in her pretrial statement filed on October 30, 2014, Mr. Brown’s version of the accident differed insofar as Ms. Brown indicated that her “vehicle was turning right from Elysian Fields onto Gentilly Boulevard when she was struck by defendant’s] vehicle while attempting to squeeze in between plaintiffs vehicle and the curb striking plaintiffs vehicle.” No depositions were taken during the course of discovery.
At trial, plaintiff testified that she had been traveling on Elysian Fields Avenue, turned right onto Gentilly Boulevard and, after merging to the left lane of travel, was struck in the rear passenger’s door by Mr. Fogg’s vehicle. She denied having seen Mr. Fogg’s vehicle at any time prior to the accident. .
According to Mr. Fogg’s testimony, at the time of the. accident, he was in the course and scope of his employment and was traveling in the right lane of Elysian Fields Avenue, headed to perform a work-related inspection. His intent was to proceed straight on Elysian Fields Avenue through its intersection with Gentilly Boulevard, as had he turned onto Gentilly Boulevard, he would have detoured from his intended route. He testified that, as he approached Gentilly Boulevard, Ms. Brown attempted to turn right in front of him from the center lane of travel, causing a collision between the two vehicles. Mr. Fogg did not see Ms. Brown’s vehicle until it began to initiate the right turn.
Our jurisprudence is clear that in order for an appellate court to disturb a trial court’s determination of liability, it must find that the. trial court’s determination was manifestly erroneous or clearly wrong. See, Watson v. Hicks, 15-0046, p. 7 (La, App. 4 Cir. 5/27/15), 172 So.3d 655, 664, quoting Fontenot v. Patterson Ins., 09-0669, p. 2 (La.10/20/09), 23 So.3d 259 (“appellate courts are | required to give great deference to the trial court’s allocation of fault and that ‘[o]nly after making a determination that the trier of fact’s apportionment of fault is clearly wrong can an appellate court disturb the award’ ”).
The Louisiana Supreme Court has established a two two-part test to be applied by appellate courts in order to overturn a fact finder’s determination on appeal:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
*107 2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). *111 ed for having shoplifted more than $250, which was the law on the date of her crime. The statute was amended to increase the felony level to being more than $500, and that amendment took effect before she went to trial in that matter. She was still tried as a felony charge, She was convicted of a felony charge. She was sentenced as a felon, rather than a misdemeanor, and the Supreme Court, in fact, affirmed all of that. Basically saying, at the time of the crime it was a felony. The amendment to the statute does not change the status of the charge. In other words, if it was a misdemeanor when it was committed, it stays a misdemeanor. If it was a felony when it was committed it stays a felony. The change in the statute doesn’t either unmisdemeanor it or unfelony it. Those aren’t words you’re going to find in Webster’s I will tell y’all right now, but that’s the best way I know to communicate that.
*107 Purvis v. Grant Par. Sch. Bd., 13-1424, p. 4 (La.2/14/14), 144 So.3d 922, 926.
It is not the function of the.appellate courts to reweigh the evidence or substitute its own findings for that of the trial court. See, Hammond v. Rahsaana, 13-1202, p, 4 (La.App. 4 Cir. 2/26/14), 135 So.3d 1207, 1211 (“[w]here two permissible views of the evidence exist, the fact-finder’s choice cannot be manifestly erroneous or clearly wrong. The appellate court ‘must be cautious not to re-weigh the evidence or to substitute its own factual findings’ for those of the trial court”). As We noted in Hammond, “the deference to a trial court’s ability to evaluate the credibility and make reasonable inferences of fact, to experience the immediacy of seeing and hearing witnesses in the course of their testimony, is a well-established precept of our law.” Id., 13-1202, p. 6 (La.App. 4 Cir. 2/26/14), 135 So.3d 1207,1211.
At the trial of the instant matter, the trial court was presented with two versions of the accident in question and the trial court made a factual determination that the accident was caused in the manner described by Ms. Brown. In its 1 .-.Judgment, the trial court expressly noted that, because the parties “heartily dispute[d] the facts and circumstances” of the accident, the trial court “had to make a credibility determination.” Finding that Ms. Brown was consistent at trial about the manner in which the accident occurred and “did not waiver once during cross examination from her recitation of facts,” the trial court concluded that Ms. Brown’s version of the events was “the most credible.” The trial court then declared Ms. Brown free of fault,[2]
As both Mr. .Fogg’s version and Ms. Brown’s version of the accident are credible, we cannot say that the trial court’s findings of fact in this case are manifestly erroneous. The damage to Ms. Brown’s vehicle, depicted in the photographs taken by Mr. Fogg, could have resulted from either version of the accident.[3] They do not in any way shed light on whether the accident occurred after Ms. Brown turned onto Gentilly Boulevard or whether she turned right from the middle lane of traffic, directly in front of Mr. Fogg’s vehicle, as Mr. Fogg contends.
With respect to the discrepancies between Ms. Brown’s trial testimony and her pleadings, defendants maintain that they detrimentally relied on Ms. Brown’s petition and discovery responses (that the accident involved a rear-end collision) | (¡given that Ms. Brown never amended her peti *108 tion nor timely supplemented her discovery responses.[4] Defendants suggest that Ms. Brown should not have been allowed to testify to facts that differed from those set forth in her petition and discovery responses given that Ms. Brown failed to amend her petition or timely supplement or amend her discovery responses.
We know of no case law or statute, and defendants cite neither, which indicate that a plaintiff is forever bound by the statements made in a petition or discovery responses. Indeed, discrepancies in pleadings, like discrepancies in depositions and trial testimony, are ripe material for impeachment. See, e.g., Ashley v. Nissan Motor Corp. in U.S.A., 321 So.2d 868, 873 (La.App. 1 Cir.1975). (“[i]n our civil procedure a petition is not required to be verified by the party filing it. Declarations made therein amount to full proof against the party ... Such declaration may be used for impeachment purposes”).
The trial court addressed this issue as well, finding that defendants did not successfully impeach Ms. Brown with her pleadings, noting that defendants did not depose Ms. Brown prior to trial. The Court likewise commented that it would not “fault the plaintiff for the error [in the pleadings] made by her counsel,” who admitted to preparing the pleadings.
In her pre-trial statement filed on October 30, 2014, Ms. Brown gave an account of the accident which differed somewhat from that set forth in her petition and in her discovery responses. This should have served as notice to defendants that there was a discrepancy in Ms. Brown’s version of the accident and that 17further investigation (further discovery/depositions) may have been warranted at that time.
CONCLUSION
Based on the record before us, we find no abuse of the trial court’s discretion in this matter. As such, we affirm the trial court’s judgment,
AFFIRMED.
LOBRANO, J., concurs in the result.

. Trial was originally set for November 3, 2014; plaintiffs did not appear for trial and trial was re-set for February 25.2015.

. It is clear that the trial court’s decision was partly based on Mr. Fogg's admission that he was unfamiliar with the area of the accident and Ms. Brown's testimony that, after the accident, she noticed an iPad on the dashboard of Mr. Fogg's vehicle, which led the trial court to believe that Mr. Fogg was distracted. While defendants contend that the trial court’s determination that Mr. Fogg was distracted by the iPad is "not supported by the facts,” we note that Ms, Brown specifically testified that, immediately after the accident, she "seen [sic] him trying to get his iPad off his steering wheel and he pulled over and he pulled into the parking lot.” As the trial court noted, Mr. Fogg never addressed the issue of the iPad at trial nor cross-examined Ms. Brown about it. We cannot say that the trial court’s finding in this regard was an abuse of its discretion.

, There are no photographs of the vehicles in place immediately after the accident; accordingly, there is no objective evidence of the positions of the cars when the accident occurred or depicting Ms. Brown’s vehicle on Elysian Fields Avenue rather than Gentilly Boulevard, as to which Ms. Brown testified at trial and Mr. Fogg disputes.

. Ms. Brown’s discovery responses are not wholly inconsistent with her trial testimony insofar as she indicated that she had been traveling on Elysian Fields, “making a right turn onto Gentilly Boulevard” when Mr. Fogg "turned also and turned into the rear of her vehicle.” This corroborates her trial testimony that the accident occurred after she turned onto Gentilly Boulevard.