MOORE, J.,
concurs.
hi respectfully concur in the result, but write separately to emphasize that an analysis- of prior awards is appropriate if and only if the reviewing court first makes an independent and articulated finding that the trial court’s award is an abuse of discretion. Purvis v. Grant Parish School Bd., 2013-1424 (La.2/14/14), 144 So.3d 922, 307 Ed. L. Rep. 1165, and citations therein. I do not see such a finding in the majority opinion, only a vague reference to a “holistic approach” to general damages and a sudden discussion of prior awards. Moreover, I am uneasy about comparing extremely old cases, one over 60 years old, and adjusting them to 2016 values by the use of an online inflation calculator. While nothing in Art. 2324.1 or the jurisprudence prohibits this approach, I feel that a mechanical calculation, without the input of expert testimony, is.likely to yield distorted results.
In comparing truly comparable cases, I would mention Garcie v. Pasquier, 46,208 (La.App. 2 Cir. 5/18/11), 70 So.3d 11, in which a pedestrian tripped and fell on an elevated portion of a Shreveport sidewalk, fracturing her shoulder; this court affirmed a general damage award of $20,000, consistent with the instant award of $25,000. In Sassone v. Doe, 2011-1821 (La.App. 4 Cir. 5/23/12), 96 So.3d 1243, a visitor slipped and fell' on a hospital floor, fracturing her shoulder; the • court affirmed a general damage award of $60,000, consistent with this, court’s amended award of $50,000.
LMost of the jurisprudence involves auto accidents, which usually present a wider spectrum of injuries and larger awards. My review of such cases involving similar shoulder injuries convinces me that Ms. Brown’s injury was probably worth more than $25,000. Rozas v. Progressive Ins. Co., 2008-308 (La.App. 3 Cir. 10/1/08), 997 So.2d 563 ($50,000); D’Ambrosia v. Lang, 07-298 (La.App. 5 Cir. 4/29/08), 985 So.2d 800 ($35,000); Harris v. DeBrueys, 05-750 (La.App. 5 Cir. 3/14/06), 926 So.2d 627 ($34,840); Ibrahim v. Hawkins, 2002-0350 (La.App, 1 Cir. 2/14/03), 845 So.2d 471 ($50,000); White v. Longanecker, 93-1122 (La.App. 1 Cir. 5/23/94), 637 So.2d 1213, writ denied, 94-1704 (La.10/7/94), 644 So.2d 640 ($35,000). In light of these awards, I reluctantly concur in doubling Ms. Brown’s general damages.