AMY, J.,
dissenting.
hi respectfully dissent from the majority opinion as I find that this case turns on the standard of review. As referenced by the majority, the relevant inquiry under the manifest error standard of review “is not whether the trier of fact, was right or wrong, but whether, the fact-findqr’s conclusion was a reasonable one.” Purvis v. Grant Parish School Bd., 13-1424, p. 4 (La. 2/14/14), 144 So.3d 922, 926.
However, after review under that deferential standard, I find that the record supports the trial court’s ruling that Ms. Hebert failed, to prove medical causation by a preponderance of the evidence. In particular, it is important to note that the plaintiff had a long history of treating with Dr. Pratt for neck and back pain, but had last visited with Dr. Pratt eight months prior to the ’ accident. Moreover, and according to Dr. Pratt’s medical records and testimony, she had recommended that Ms. Hebert return for further treatment, yet she did not return during that eight-month period. Further, during her deposition, Dr. Pratt stated the following:
I feel like it is due to the accident. I saw her prior to the accident; I also saw her after. In addition to—I mean, we took X-rays early on in treatment and after the .accident, and it did get worse. I mean, I don’t—I really don’t think that would have happened otherwise.
However, aside from the X-ray taken, after the accident, the only other X-ray result included in Dr. Pratt’s medical records is from Ms. Hebert’s initial consultation in October 2006, nearly six years prior to the *1229 accident. Additionally, Dr. Pratt |2testifíed that a post-accident MRI performed in October 2012 showed “[njothing real significant” and merely demonstrated a degenerative condition predating the accident.
Thus, given Ms. Hebert’s extensive history of neck and back pain, the trial court could have reasonably concluded that Ms. Hebert’s symptoms were a continuation of her prior condition and had simply not resolved at that time. Furthermore, in addition to Dr. Pratt’s general statement as to a worsening of symptoms as an indicator of causation, Dr. Lugo’s records do not further clarify the issue of causation.
For these reasons, I find no manifest error in the trial court’s determination. Accordingly, I would affirm the trial court’s judgment.